UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| Tim Mackey et al., | Case No. 18-cv-2591 (WMW/SER) |
|---|---|
| Plaintiffs, | |
| | **ORDER** |
| v. | |
| J & J Holdings, LLC, doing business as Scrapbusters, | |
| Defendant. | |

---

Plaintiffs move for entry of default judgment against Defendant J & J Holdings, LLC, doing business as Scrapbusters (Scrapbusters), for liability under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*. (Dkts. 10, 21.) Plaintiffs seek $56,427.89 for unpaid contributions, liquidated damages, and attorneys' fees and costs. For the reasons addressed below, the Court grants in part and denies in part Plaintiffs' motion.

## BACKGROUND

Plaintiffs are the Minnesota Laborers Health and Welfare Fund; Minnesota Laborers Pension Fund; Minnesota Laborers Vacation Fund; Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Minnesota Laborers Employers Cooperation and Education Trust (collectively, the Funds) and their trustees. Created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, codified as amended at 29 U.S.C. § 186(c)(5), the Funds are administered in accordance with ERISA. Scrapbusters agreed to be bound by the terms of

three collective bargaining agreements (CBAs) negotiated by the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions (District Council). The CBAs cover the period from May 8, 2016, through April 30, 2019.

The CBAs require Scrapbusters to make monthly contributions to the Funds on behalf of its covered employees for hours worked. The CBAs also require Scrapbusters to set forth the amount due and owing for contributions on a remittance report form, to be submitted to the Funds with its monthly payment. An employer is "delinquent" under the CBAs if its remittance report and payment are not postmarked on or before the fifteenth day of the month following the month for which the contributions are due. The Funds' trustees, or their authorized agents, have the right to inspect a complete set of all relevant payroll and employment records.

Plaintiffs commenced this ERISA action against Scrapbusters on September 5, 2018, and served the summons and complaint on Scrapbusters on September 10, 2018. Scrapbusters then had 21 days to file an answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). That deadline passed without any response from Scrapbusters to the complaint. Plaintiffs applied for an entry of default under Federal Rule of Civil Procedure 55(a), which the Clerk of Court entered on October 10, 2018. On January 18, 2019, Plaintiffs filed a motion for default judgment and sought an injunction requiring Scrapbusters to submit any overdue remittance reports.

The Court granted the Plaintiffs' request for an injunction and held Plaintiffs' motion for default judgment in abeyance on March 15, 2019. Scrapbusters subsequently submitted the required remittance reports, allowing Plaintiffs to calculate the amount of

unpaid contributions and liquidated damages. Plaintiffs submitted their calculations to the Court in supplemental affidavits on May 22, 2019. That same day, Plaintiffs filed an updated motion for default judgment. Thereafter, the Court took Plaintiffs' motions for default judgment under advisement.

## ANALYSIS

To obtain a default judgment, a party must follow a two-step process. First, the party seeking a default judgment must obtain an entry of default from the Clerk of Court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The record reflects that Scrapbusters was properly served with the amended complaint and failed to answer or otherwise respond. Plaintiffs sought an entry of default, and the Clerk of Court entered default against Scrapbusters on October 10, 2018. The first step of this process is complete.

Second, after default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Upon default, the factual allegations in the complaint are deemed admitted except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Therefore, the sole remaining issue before the district court is the amount of damages. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). A party entitled to a default judgment must prove its damages to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). A district court may establish damages "by taking evidence when necessary or by

3

computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

Section 502(g)(2) of ERISA governs the calculation of damages for an employer that fails to fulfill its contribution obligations, providing that a court shall award:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of—

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . [of the unpaid contributions],

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). These strict remedies were enacted by Congress to provide employers "a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." *Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988).

In support of their motion for default judgment, Plaintiffs submitted two affidavits from the Funds' coordinator, Rodney Skoog, addressing the amounts due for unpaid contributions and liquidated damages. These amounts are derived from a report based on Scrapbusters's payroll and employment records. Plaintiffs also seek attorneys' fees and

costs, supported by an affidavit from Plaintiffs' counsel. The Court addresses, in turn, each aspect of the damages Plaintiffs seek.

### 1. Unpaid Contributions

Plaintiffs seek $47,138.76 in unpaid contributions. The May 22, 2019 Skoog affidavit and accompanying remittance reports show the hours that Scrapbusters reported in its payroll records in excess of the hours that Scrapbusters reported to the Funds for contributions during the audit period. The remittance reports show a contribution deficiency of 2,323.31 regular hours and 129.36 overtime hours between October 2018 and March 2019. The remittance reports multiply these unreported hours by the applicable rates of pay to compute a total unpaid contribution of $47,138.76. Having reviewed the Skoog affidavit and the underlying records, the Court identifies no errors in the calculations.

Accordingly, the Court grants Plaintiffs' motion for default judgment for unpaid contributions in the amount of $47,138.76.

### 2. Interest

Under ERISA, Plaintiffs are entitled to interest on unpaid contributions. But because Plaintiffs do not request any interest damages or provide any documentation to support a particular interest amount, interest damages in this matter are not awarded.

### 3. Liquidated Damages

In addition to interest on unpaid contributions, a plaintiff is entitled to the greater of either the liquidated damages amount provided for under the plan or the total accrued interest amount on the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). The CBAs

provide that, if Scrapbusters is delinquent in its contribution obligations, it is liable for liquidated damages that equal 10 percent of the unpaid contributions. As such, Plaintiffs seek $4,713.88 in liquidated damages, which is 10 percent of the unpaid contribution amount of $47,138.76. Finding no errors in Plaintiffs' calculations, the Court grants Plaintiffs' motion for default judgment for liquidated damages of $4,713.88.

4. **Reasonable Attorneys' Fees and Costs**

Both ERISA and the CBAs authorize the recovery of reasonable attorneys' fees and costs. Plaintiffs filed an affidavit of their attorney in support of their claim for attorneys' fees and costs. Plaintiffs' request $3,983.75 in attorneys' fees and $591.50 in costs.

When determining the reasonableness of attorneys' fees, a district court has substantial discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084-85 (8th Cir. 2000). Courts employ the lodestar method when determining the amount of reasonable attorneys' fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986); *see also Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Bhd. Labor Leasing*, 974 F. Supp. 751, 754 (E.D. Mo. 1997) (applying lodestar method to determination of reasonable fees under ERISA), *aff'd*, 141 F.3d 1167 (8th Cir. 1998). The party seeking to recover attorneys' fees bears the burden of establishing that the requested fees are reasonable. *Hensley*, 461 U.S. at 433-34.

The lodestar amount is presumed to be the reasonable fee to which counsel is entitled. *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 564-65; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). When calculating the lodestar amount,

6

a district court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The hourly rate must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A district court may rely on its experience and knowledge of prevailing market rates to determine whether an attorney's claimed hourly rate is reasonable. *Hanig*, 415 F.3d at 825.

Plaintiffs seek $3,983.75 in attorneys' fees. The billing records indicate that Plaintiffs incurred attorneys' fees for 14.5 hours at a rate of $190, 4.25 hours at a rate of $245, and .75 hours at a rate of $250. Most of the legal services for which Plaintiffs incurred these fees are appropriate and reasonable. Plaintiffs incurred $3,841.25 in attorneys' fees for counsel to review files for the commencement and prosecution of the action, draft the complaint, prepare an application for entry of default, draft the motion for entry of judgment and the supporting affidavits, and prepare for the hearing. The Court concludes that Plaintiffs' request for $3,841.25 is reasonable in light of the prevailing hourly rates and that the corresponding tasks performed by counsel were reasonable and necessary to successfully prosecute this litigation.

The remaining $142.50 of requested attorneys' fees, however, corresponds to administrative tasks. The record reveals three entries, billed at an hourly rate of $190, in which counsel corresponded with the Court about scheduling.[1] Plaintiffs provide no

---

[1] These three billing entries are dated April 10, 2019; April, 15, 2019; and April 18, 2019.

explanation as to why their attorneys were billing at the normal hourly rate to perform non-legal, administrative tasks. It is unreasonable for Plaintiffs to recover this portion of the requested attorneys' fees. Thus, the Court deducts $142.50 from Plaintiffs' requested attorneys' fees.

Plaintiffs also seek $591.50 in costs for filing fees, copy and postage charges, and service fees. These amounts are reasonable and supported by the record.

Accordingly, Plaintiffs' motion for default judgment for attorneys' fees and costs is granted, in part, in the amount of $4,432.75.

### 5. Scrapbusters's Partial Payment

Plaintiffs represent to the Court that Scrapbusters submitted a partial payment of $25,182.98 on May 20, 2019. Accounting for this amount, $31,102.41 remains due and owing by Scrapbusters for unpaid contributions, liquidated damages, and attorneys' fees and costs.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motions for entry of default judgment, (Dkts. 10, 21), are **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2. The Clerk of Court shall enter judgment in the amount of $31,102.41 against Defendant J & J Holdings, LLC, doing business as Scrapbusters, and in favor of Plaintiffs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 17, 2019
                                                <u>s/Wilhelmina M. Wright   </u>
                                                Wilhelmina M. Wright
                                                United States District Judge